```
              UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                    SOUTHERN DIVISION
                   No. 7:11-CV-247-H
```

```
IN RE: CLARENDON HOLDINGS,   )
LLC,                         )
                             )
     Debtor.                 )
                             )
_____)
                             )
GATEWAY BANK AND TRUST       )
COMPANY,                     )
                             )
     Appellant,              )
                             )
                             )
     v.                      )
                             )
CLARENDON HOLDINGS, LLC,     )
                             )
     Appellee.               )
```

```
      ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                     WILMINGTON DIVISION
```

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina valuing certain estate property. The parties have thoroughly briefed the issues on appeal and the matter is now ripe for adjudication.

**BACKGROUND**

Clarendon Holdings, LLC (the "Debtor" or "Clarendon"), is a limited liability company engaged in the business of purchasing, leasing and developing real property in Wilmington, North

Carolina. Gateway Bank and Trust Company ("Gateway") is the holder of a promissory note executed by Clarendon and secured by a deed of trust on real property owned by Clarendon and located at 230 North 2nd Street, Wilmington, North Carolina.

On March 31, 2011, Clarendon filed a Chapter 11 bankruptcy petition. Prior to filing its plan of reorganization, Clarendon filed a motion for valuation of the collateral securing its debt to Gateway. At a hearing on Clarendon's motion, Clarendon argued that the court should apply a fair-market-value standard regardless of whether the property is to be retained by Clarendon or transferred to Gateway under Clarendon's plan of reorganization. Gateway, on the other hand, contended that fair market value would apply only if Clarendon retained the property and that a liquidation value standard would apply were the property to be transferred to Gateway.

On October 19, 2011, the bankruptcy court entered its order regarding valuation. The bankruptcy court ruled that the property should be valued according to its fair market value for purposes of Clarendon's intended plan to surrender the property to Gateway. Based on the evidence presented at the hearing, the court found "the value of the Property the debtor proposes to surrender to Gateway . . . is $475,000, which is the fair market value as determined by Gateway's expert. The remaining amount

2

of Gateway's claim will be dealt with in the debtor's plan as an unsecured claim." (Order Regarding Valuation [DE #2-6].) Gateway appeals the bankruptcy court's order. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

## COURT'S DISCUSSION

The sole issue on appeal is whether the bankruptcy court erred in applying fair-market-value standard in its valuation of collateral that Clarendon proposes to surrender to Gateway in exchange for a credit against the indebtedness owed. As this issue presents a question of law, the court reviews the bankruptcy court's ruling de novo. See Terry v. Meredith (In re Meredith), 527 F.3d 372, 375 (4th Cir. 2008) (applying de novo standard upon review of bankruptcy court's conclusions of law).

Bankruptcy Code Section 506 instructs that secured collateral in the bankruptcy estate must be valued "in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a)(1). "[T]he 'proposed disposition or use' of the collateral is of paramount importance to the valuation question." Associates Commercial Corp. v. Rash, 520 U.S. 953, 962 (1997). If a debtor chooses to avoid foreclosure and liquidation and retain collateral for its own use, the property must be valued using a replacement-value standard because that standard fairly compensates the secured

3

creditor for deprivation of immediate value, as well as exposure to the attendant risks of the plan. Id. ("If a debtor keeps the property and continues to use it, the creditor obtains at once neither the property nor its value and is exposed to double risks: The debtor may again default and the property may deteriorate from extended use."). On the other hand, a debtor that surrenders collateral for purposes of the creditors' liquidation of the property is not be entitled to the full fair market value of the property. To do so would allow the debtor to alter the parties' prepetition bargain and give the debtor's unsecured creditors a potential windfall.

Where a plan shifts to the creditor the burden to sell, and hence the risk of loss or potential for gain, the court must take these matters into consideration in valuing the property. If, for example, a depressed market makes the potential for loss greater than the potential for gain, valuation must be approached conservatively. Additionally, the valuation of property surrendered to a creditor should take into account the loss of income a creditor may encounter prior to the sale or liquidation of the property.

It is unclear from the record on appeal whether the bankruptcy court below considered such factors in determining the value of the collateral to be surrendered by Clarendon.

4

Accordingly, the court hereby VACATES the bankruptcy court's valuation order and REMANDS the case to the bankruptcy court for rehearing and reconsideration consistent with this order. The clerk is directed to close this case.

This 18th day of MARCH 2013.

*Malcolm Howard*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31